## NOON v. LAWRENCE.

(Supreme Court, Appellate Term, First Department.   January 3, 1914.)

TRIAL (§ 252*)—INSTRUCTION—EVIDENCE—PAYMENTS.

> Where, in an action on an account stated, the books of account offered in evidence disclosed an uninterrupted account in defendant's name, and two certain payments were credited on same, and showed no separate account, as contended by plaintiff, in the name of a committee appointed for defendant on her being adjudged an incompetent, it was error to instruct that there was evidence of only one payment on the account in suit and to authorize recovery by plaintiff on that basis.
>
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612;  Dec. Dig. § 252.*]

Appeal from City Court of New York, Trial Term.

Action by Patrick Noon against Julia M. Curtis Lawrence. From a judgment entered on a verdict for plaintiff and from denial of new trial, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Baylis & Sanborn, of New York City (Frederick H. Sanborn, of New York City, of counsel), for appellant.

John C. Oldmixon, of New York City, for respondent.

SEABURY, J. This is an action upon an alleged account stated. The answer pleads a payment. The amount of the account sued for is $1,315.50. An issue of fact was presented as to whether there was an account stated; but, assuming that there was, we think that partial

payment was established. The account is alleged to have been stated as of August 1, 1907. It was proved that the defendant paid $780.75 on August 29, 1907, and $500 on December 4, 1907. These payments left a balance due plaintiff's assignor of $34.75. On August 17, 1907, the defendant was adjudged an incompetent in the state of Connecticut and a committee appointed of her property. Subsequently the same persons were appointed as her committee in this state. The respondent claims that after the committee was appointed in this state his assignor charged the services rendered to the defendant to the committee, and that the payments made were credited on account of the amount due from the committee. The books of the plaintiff's assignor, which were offered in evidence, do not show the separate account in the name of the committee, but, on the contrary, disclose an uninterrupted account in the name of the defendant, and the payments mentioned are credited upon that account to the defendant.

The learned trial justice charged the jury as follows:

"If you conclude that the application of the payment ($780.75) was made to her (the defendant's) account, then you may deduct from the alleged account stated that sum of money. There is no other evidence of payment of any kind, of that account, so that if you find that there was an account stated, and likewise find that the application of that payment was made to the personal account of the defendant, as distinguished from the committee's account, then your verdict would be for the plaintiff for the sum of $534.75."

This charge excluded from the consideration of the jury the $500 payment which had been proved, and assumed that there were in fact an account of the committee and an account of the defendant. There is no proof in the case, other than the testimony of plaintiff's assignor, of any account other than that of the defendant. The defendant's counsel duly excepted to this portion of the charge. The books that were offered in evidence showed that the payments were credited to the defendant's account. If the committee made such payment as claimed by the respondent, it must have been made more than one month before their appointment in this state, as they were not appointed until October 7, 1907, and the payment appears by credit entry as of August 29, 1907.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.